# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JENNIFER REUBEN, <br><br>  Plaintiff, <br> v. <br><br> HCG FOOD TO GO, LLC, DOES 1-5; and ABC CORPORATIONS 1-5, <br><br>  Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:20-cv-240 RJS <br><br> Chief District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants' Motion to Compel Supplemental Answers to Interrogatories 12-13, and production Request No. 14. As set forth below, the court denies the motion.[1]

## BACKGROUND

Plaintiff signed up for a meal service from Defendants. On April 10, 2019, Plaintiff notified Defendants via email that her food was arriving cold, rather than frozen. Defendants responded that it was normal for an order to arrive with little to no dry ice left, and that it was okay to consume the food if it was still cold. Shortly thereafter, Plaintiff became "violently ill" and incurred "significant pain, severe emotional distress and other suffering … having to undergo costly and unpleasant healthcare treatment; and suffered other injuries and damages." Amended Compl. ¶17, ECF No. 32. Plaintiff was diagnosed with salmonella and asserts she continues to suffer from the "recurrent and chronic health problems that some victims of salmonella poisoning have been known to suffer." *Id.* at ¶21.

---

[1] This matter is referred to the undersigned from Chief District Judge Robert Shelby pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 16). The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1(d).

# DISCUSSION

Defendants seek supplemental answers to Interrogatories 12 and 13, and to Request No.14. Defendants argue such discovery is permissible because relevance is broadly construed at this stage of discovery. *See Strand v. USANA Health Sciences, Inc.*, No. 2:17-cv-925 HCN PMW, 2020 WL 33443, *2 (D. Utah Jan. 2, 2020) ("'Relevancy is broadly construed at the discovery stage and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant' to a party's claim or defense.") (quoting *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)). Further, according to Defendants, it is proportional to the needs of this case, the amount in controversy, the parties' resources, and the importance of the issues. In support Defendants point to Plaintiff's claims of "damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; medical and medical-related expenses, both past and future; emotional distress, past and future; pharmaceutical expenses, past and future; and all other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances" Amended Compl. ¶61.

A. **Interrogatory No. 12**

Interrogatory 12 states:

> 12. With regard to any injuries, illnesses, complaints or symptoms that you allege were caused by the incident, state whether you have ever had similar or related injuries, illnesses, complaints or symptoms, prior to the incident, and if so, set forth the nature of the injury, complaint, illness or symptom, the date thereof, the cause thereof, if known, and the names and addresses of all persons or institutions that examined or treated you on account of such injury, complaint, illness or symptom, the date thereof, the cause thereof, if known, and the names and addresses of all persons or institutions that examined or treated you on account of such injury, complaint, illness or symptom.

Def.s' Mtn p. 6 Ex. A, ECF No. 37-1.

Plaintiff provided the following response:

> RESPONSE: Reuben objects to this request because it is overly broad and unduly burdensome as to time period and subject matter. Reuben likewise objects to this request because it is compound and is comprised of multiple requests. Treatment for matters occurring prior to Reuben's illness and for matters that are unrelated to the illness caused by HCG's products are irrelevant to the parties' claims and defenses. Reuben objects to this request to the extent it seeks information that is privileged and subject to an applicable privilege or protection, including, but not limited to the privilege set forth in Utah Rule of Evidence 506.
>
> Subject to these objections, and the General Objections, Reuben states that she has not been treated for salmonella prior to the illness caused by HCG's food product.

*Id.*

Plaintiff asserts her answer that "she has not been treated for salmonella prior to the illness caused by HCG's food product" is sufficient, and illnesses unrelated to the salmonella are irrelevant to the claims and defenses in this case. Despite the questionable nature of Plaintiff's General Objections, *see Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 447 (D. Utah 2020) (finding the "[g]eneral objections neither explain nor preserve anything. They are empty, useless traditions that do nothing but make discovery unnecessarily cumbersome."), the court agrees that Plaintiff's answer is sufficient. Plaintiff responded that she has not been treated for salmonella prior to the incident at issue. In addition, the court finds Defendants' Interrogatory is overbroad because it contains no time limitation. The motion is denied as to Interrogatory No. 12.

### B. Interrogatory No. 13

Interrogatory No. 13 requests information concerning "any other injury to any part of [Plainitff's] body from any other cause." Specifically it states:

> 13. If you have ever sustained any other injury to any part of your body from any other cause, accidental or otherwise, state:

> (a) The date, location and reasonable description of each such accident or incident and injuries sustained;
> (b) The treating medical provider and the location of the treatment;
> (c) Any permanent disabilities from each such accident; and
> (d) The names of any persons involved.

Def.s' Mtn p. 7 Ex. A, ECF No. 37-1. In response Plaintiff provided:

> RESPONSE: Objection. Reuben objects on the ground that this Request is overly broad and unduly burdensome in that it is not limited in time and scope. Reuben also objects on the ground that the request is vague as "other injury" is undefined and therefore susceptible to the vastest interpretation. Further, treatment for matters occurring prior to Reuben's sickness and for matters that are unrelated to the sickness caused by HCG's product are irrelevant to the parties' claims and defenses. Reuben objects to this request to the extent it seeks information that is privileged and subject to an applicable privilege or protection. As written, the request is compound and comprises multiple separate interrogatories.
>
> Subject to these objections and the General Objections, Reuben states that she has not been treated for salmonella prior to the sickness caused by HCG's adulterated food product.

*Id.* p. 7-8.

The court agrees that this request is overbroad because the request seeks Plaintiff's entire medical history without any time limitation. The request also fails to limit the information sought to an illness, injury, or symptoms, which are similar to those experienced with salmonella. The motion is denied as to this request.

### C. Request No. 14

Request No. 14 concerns Plaintiff's social media accounts. It states:

> 14. Produce the complete contents of Plaintiff's Facebook account and any other social networking account or blog that Plaintiff has or has used at any time since the subject incident. The Facebook content can be downloaded from her Facebook account by clicking on the "Settings" page. Then click on the "Download a copy of your Facebook data" link at the bottom of the page. This will provide a ZIP folder of the pages. We request this complete file/folder or color copies of the same.

*Id.* p. 11.

4

> RESPONSE: Reuben objects to this request as overly broad and unduly burdensome as to subject matter. Production of the "complete contents of Plaintiff's Facebook account or any other social networking account or blog" is not proportional to the needs of this case and will result in production of "purely personal communications that do not mention anything related to this case [which] are irrelevant." *Johnson v. USANA Health Scis. Inc.*, No. 217CV00652RJSDBP, 2020 WL 3270879 (D. Utah June 17, 2020) (limiting the scope of discovery of plaintiff's Facebook account to those items relevant to the issues of the case); *See also Gordon v. T.G.R. Logistics, Inc.*, 321 F.R.D. 401 (D. Wyo. 2017) (limiting the scope of discovery to social media posts which referenced Plaintiff's accident, its aftermath, or the physical injuries related thereto where "relevant to any party's claim or defense and proportional to the needs of the case.").
>
> Subject to these objections and the General Objections, Reuben states that she will produce any social media information relevant to the facts and issues giving rise to this litigation. Discovery is ongoing and Reuben will supplement and revise this discovery response as permitted and required by the Federal Rules of Civil Procedure.

Def.s' Mtn p. 11 Ex. A, ECF No. 37-1.

Once again the court agrees with Plaintiff. This request is overbroad because it is not limited in scope as to the facts and issues giving rise to this litigation, or to facts and issues following the salmonella illness. Plaintiff's offer to revisit and supplement their discovery with relevant information is sufficient. Otherwise, Defendants' request captures information that is entirely irrelevant and personal. Such information is "outside the scope permitted by Rule 16(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). And, its probative value, if any, is outweighed by the potential to harass or embarrass Plaintiff, rather than help resolve this case. Defendants' motion therefore will be denied as to this request.

## CONCLUSION AND ORDER

The court finds Defendants' discovery requests are overbroad and not sufficiently limited as to scope and time. Moreover, Plaintiff's response to Interrogatory No. 12 is adequate. As such, Defendants' Motion to Compel is DENIED.

DATED this 1 July 2021.

_____
Dustin B. Pead
United States Magistrate Judge