IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JENNIFER REUBEN,<br><br>               Plaintiff,<br>v.<br><br>HCG FOOD TO GO, LLC, DOES 1-5; and ABC CORPORATIONS 1-5,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-240 RJS<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

      Under Local Rule 37-1 and Rule 26 of the Federal Rules of Civil Procedure, Plaintiff moves the court for a protective order in regard to subpoenas issued by Defendants to Dr. James Hart and the Salt Lake Clinic. Specifically, Plaintiff requests a protective order to (1) "prevent enforcement of the Subpoenas as they are currently written; and (2) to limit the scope of information sought by the Subpoenas." Mtn. p. 1, ECF No. 42. Having reviewed the parties' memoranda, and for the reasons set forth below, the court grants Plaintiff's motion.[1]

## BACKGROUND

      This case involves allegations of food poisoning and an illness, salmonella, caused by Defendants food product. Plaintiff signed up for a meal service from Defendants, and shortly after eating a meal in April 2019, became "violently ill." Plaintiff was diagnosed with salmonella and seeks compensation for her distress and suffering, and having to undergo unpleasant healthcare treatment. *See* Amended Compl. ¶17, ECF No. 32.

---

[1] This matter is referred to the undersigned from Chief District Judge Robert Shelby pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 16). The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1(d).

# DISCUSSION

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Such information need not be admissible into evidence to be discoverable. *See id.* The court, however, must limit discovery if "the discovery sought is unreasonably cumulative or duplicative" or can be obtained from another source that is "more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Rule 26 also provides that "for good cause, [the court may] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …." Fed.R.Civ.P. 26(c).

In addition to the confines provided by Rule 26, Rule 45 provides that a subpoena for relevant information may be quashed or modified if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "A party seeking to quash a subpoena duces tecum has a particularly heavy burden as contrasted to a party seeking only limited protection." *In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982).

Here, Plaintiff is not seeking to quash the subpoenas, nor does Plaintiff seek to withhold certain medical information forever from Defendants. In fact, "Plaintiff is willing to allow production of all medical records that bear on the Salmonella incident or any further medical treatment relating thereto." Mtn. p. 2. Plaintiff requests the court prevent the enforcement of the subpoenas as written, and seeks to limit their scope. The subpoenas issued by Defendants to Plaintiff's medical provider, Dr. James Hart and the Salt Lake Clinic request:

> The complete and cumulative records of JENNIFER L. REUBEN (DOB: 12/10/1976), including outpatient, emergency room, admissions, history and physical, physician's orders, progress notes, consultations, operating room records, discharge summaries, laboratory, radiology reports, diagnostic studies, respiratory, physical therapy, occupational therapy, pain therapy, physician's assistant records, rehabilitation and chiropractic records. In addition, office notes, correspondence, medical examination reports, radiology films, and billing records in your possession relating to the healing arts of any kind or nature regarding the above-named individual.
>
> Under HIPAA, the minimum necessary requirement does not apply to disclosure made pursuant to subpoena (see 45 CFR § 164.502(v)). Notwithstanding this statement, the requesting party represents that the entire patient record is minimally necessary in defending this action in which the patient has put his/her entire medical condition at issue.

Mtn. Ex. A p. 5, Ex. A p. 12, ECF No. 42-1.

Plaintiff argues the subpoenas are overbroad and the court agrees. A request for the "complete and cumulative records" and "the entire patient record" is overbroad. The court is not persuaded by Defendants' argument that Plaintiff has placed her entire medical history at issue in this case. As such, the court will grant Plaintiff's motion and require Defendants to redraft the subpoenas in a way that is more narrowly tailored to the issues in this case.

## CONCLUSION AND ORDER

The court finds Defendants' subpoenas are overbroad. Therefore, Plaintiff's motion is GRANTED. Defendants are ordered to redraft the subpoenas in a narrower manner tailored to the issues in this case with specific reference to the Salmonella incident.

IT IS SO ORDERED.

DATED this 1 July 2021.

Dustin B. Pead
United States Magistrate Judge